UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>CHRISTOPHER BRANDON SANFORD,<br><br>                                   Defendant. | Case No.:  20-CR-2228-GPC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE**<br><br>**[ECF No. 113]** |

Currently pending is Defendant's Motion for Immediate Release. ECF No. 113. On January 5, 2023, Sanford was arrested for a supervised release violation based on the Original Petition for Warrant. ECF Nos. 92, 98. On February 13, 2023, Defendant admitted allegation #2, and the Court held Defendant's revocation in abeyance. ECF No. 102. Defendant was released from custody on February 14, 2023 after serving forty days in custody for allegation #2. ECF No. 101.

On May 23, 2023, Sanford was again arrested based on an Amended Petition for Warrant and thereafter admitted two new violations of supervised release—allegations #5 and #6. ECF Nos. 104, 108, 111. The Court sentenced him to a term of four months imprisonment for violations relating to allegations #2, #5, and #6. ECF No. 112. On

August 14, 2023, Sanford filed a Motion for Immediate Release. ECF No. 113. He argues he is currently being held in BOP custody past his lawful release date because the forty days he spent in custody from January 5, 2023 until February 14, 2023 should be credited to his four-month sentence. Defendant calculates that he has served more than four months as follows:

>January 5, 2023 – February 14, 2023: 40 days
>May 23, 2023 – August 14, 2023 (time of filing): 83 days
>Total Time Served: 123 days

*Id.* at 2. The Government concurs these calculations are correct. ECF Nos. 115, 118.

To challenge the BOP's calculation of the term of imprisonment, the proper procedural vehicle is a habeas petition. *See Barber v. Thomas*, 560 U.S. 474, 479 (2010) (petitioners filed habeas petitions to challenge BOP method of calculating term of imprisonment); *see also Tablada v. Thomas*, 533 F.3d 800, 802 (9th Cir. 2008) (same). Thus, the Court construes Defendant's Motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.

Here, the Bureau of Prison has failed to take into account the previous time Sanford served for allegation #2. The four-month sentenced imposed by the Court on July 7, 2023 was for allegations #2, #5, and #6. ECF No. 111. As such, under 18 U.S.C. § 3585(b)(1), Sanford was entitled to credit for the previous time he spent in custody for allegation #2. *See* 18 U.S.C. § 3585(b)(1) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ."). Accounting for these forty days, Defendant's sentence of imprisonment expired on August 11, 2023, and therefore he should be released from custody immediately. The Court **ORDERS** preparation of an abstract which directs for the immediate release of the Defendant. The hearing currently scheduled for August 18, 2023 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  August 17, 2023

Hon. Gonzalo P. Curiel
United States District Judge